OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MERRILL

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MERRILL
2018 OK 94
Case Number: 6712
Decided: 12/10/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 94, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant.
v.
Stephen J. Merrill, Respondent.

ORDER

Â¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of Stephen J. Merrill, (Respondent), OBA No. 6144, from membership in the Oklahoma Bar Association. Respondent seeks to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A. Upon consideration of the Complainant's application and Respondent's affidavit in support of resignation, we find:

1) On October 22, 2018, following the commencement of a hearing before the Professional Responsibility Tribunal, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.
2) Respondent's affidavit of resignation reflects that:

a) it was freely and voluntarily rendered;
b) he was not subjected to coercion or duress; and
c) he was fully aware of the consequences of submitting the resignation.

Respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing.

3) Respondent states in his affidavit of resignation that he is aware of a formal complaint filed against him by Gretchen Davis, Case No. DC 18-180, with the Oklahoma Bar Association. The complaint contains one count as follows:

DC 18-180: Grievance by Gretchen Davis: alleges that I falsely notarized a purported Last Will and Testament of a client after his death. The grievance also alleges that the purported Will listed the sole beneficiary as my deceased client's girlfriend rather than Ms. Davis and her sibling. The grievance further alleges that Ms. Davis and her sibling are my deceased client's children and surviving heirs.

4) Respondent is aware that, if proven, the allegations concerning his conduct as set forth in the above-stated grievance, would constitute violations of Rules 3.3, 8.4(b)(c) and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch.1, app. 3-A and Rule 1.3, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, ch. 1, app. 1-A, and my oath as an attorney.
5) Respondent waives any and all rights to contest the allegations.
6) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1--A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.
7) Respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1--A, and it should be approved.
8) The official roster address of Respondent as shown by the Bar Association records is: 12102 E. 69th Street N, Owasso, OK 74055-3630.
9) Respondent asserts that Complainant has incurred no costs in pursuit of this matter.
10) Respondent acknowledges that:

a) his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and
b) he has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1--A with which he agrees to comply within twenty (20) days following the date of his resignation.

Â¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of Stephen J. Merrill pending disciplinary proceedings be approved with no costs imposed.

Â¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of Stephen J. Merrill be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1--A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of reinstatement. No additional costs are imposed.

Â¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10th DAY OF DECEMBER, 2018.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.